ALTENBERND, Judge, Specially
concurring.
The Department filed a single petition to have the children in this case declared dependent as to both parents. The trial court granted that petition. Another panel of judges from this court affirmed the order of adjudication of dependency as it relates to the father. Thus, the children are and remain dependent. By joining in this opinion, I am not suggesting that the earlier order affirming the dependency of the children as to their father was incorrect in any manner.
Although the evidence could be stronger, it appears from this record that the father is a functional alcoholic. Because of the mother’s work schedule, he is often alone with the children. The trial court has the authority in the pending dependency proceeding to address by case plan any valid statutory risk created by the father.
I agree that the allegations against the mother in this proceeding were not proven. There is no reason that she cannot be the legal custodian of the children during this dependency proceeding. As such, the trial court will have the authority to require her to take certain actions. See § 39.521(l)(b)(l), Fla. Stat. (2010). If, in her capacity as legal custodian, the mother fails or refuses to take the actions reasonably required by the trial court in the father’s proceeding, the trial court will have the authority to address that situation.